HARVEY (UNITED STATES v.). See Case No. 15,320.

HARVEY v. The VIVID. See Case No. 16,978.

HARWARD, The. See Case No. 6,186.

---

## Case No. 6,185.
### Ex parte HARWOOD.
[Crabbe, 496.] [1]

District Court, E. D. Pennsylvania. Oct. 6, 1842.

BANKRUPTCY—PROOF OF DEBT—IGNORANCE OF LAW—RIGHT TO WITHDRAW PROOF.

A creditor who held collateral securities proved his debt before the commissioner, but subsequently learned that he was on that account obliged to surrender the securities; on his petition, setting forth his prior ignorance that

---

1 [Reported by William H. Crabbe, Esq.]

such would be the result, the proof was allowed to be withdrawn.

[Cited in Re Hubbard, Case No. 6,813: Re Brand, Id. 1,809; Re McConnell, Id. 8,712; Re Baxter, 12 Fed. 75.]

[Cited in Nichols v. Smith, 143 Mass. 462, 9 N. E. 815.]

This was a petition by one David Lapsley for permission to withdraw his proof of debt against Harwood, filed in this court. The petitioner in proving his debt had stated that he held certain stocks as security therefor, and his petition set forth that it "never was his intention to relinquish the said securities or any of them, and that he proved his debt because he received a notice from the commissioner, and supposed it to be necessary for him so to do, but without the most distant idea that by so doing he would in the slightest degree affect his rights in the collateral securities." A rule to show cause was granted.

Mr. Graham, for Lapsley.

The proof of debt was made under an evident and mistaken idea that it was necessary to do so, and with no intention to surrender the collateral security; there is no reason to suspect any improper motive for desiring its withdrawal, and permission to do so has been heretofore granted by courts of bankruptcy. Archb. Bankr. (5th Ed.) 112; Ex parte Hossack, Buck, 390; Ex parte Smith, 2 Glyn & J. 105; Ex parte Hopley, 2 Jac. & W. 220.

P. P. Morris, for the other creditors.

As Lapsley has proved his debt and had all the advantages of a proving creditor, he should not be allowed now to withdraw and destroy the right which other creditors have, by his proving, acquired in the securities he holds. However hard the case for him, granting the petition would be unjust towards them. Eden, Bankr. Law, 104; Ex parte Downes, 18 Ves. 290.

Mr. Graham, for Lapsley, in reply.

In Downes' Case the facts were strong to show that the proof was desired to be withdrawn as a matter of speculation, while there is no such evidence here. This proof was made under an erroneous impression, for which the commissioner is partly responsible, for had he informed Lapsley of the consequences of what he was doing, no proof would have been attempted.

RANDALL, District Judge. This application to withdraw the proof of debt is made, I presume, from abundant caution, for the creditor has not commenced a suit at law or equity against the bankrupt, nor obtained a judgment which would be surrendered by making the proof; and the securities which he holds are collateral and independent of the bankrupt's personal liability. In England, a creditor who holds collateral security will not, generally, be allowed to prove his debt, unless the security is surrendered. He may, however, by leave of the court, have the securities sold or valued, and then prove for the remainder of his debt; or, if he has proved the whole debt without reference to his security, the court will order the proof to be expunged, on application of the assignee or other parties in interest, until the securities have been disposed of. The creditor may then, if he has committed no fraud, prove for the balance. In this case there was no concealment, and there is no allegation of fraud; nor is it pretended that the creditor elected to surrender his securities and come in upon the estate for a dividend of the general assets. There is no evidence here that any one was misled by Lapsley's act, or that, until this application was made, any creditor supposed he had gained an advantage by the proof. In Ex parte Downes [supra], relied on by the counsel who opposed this petition, the creditor, supposing his mortgage to be of little value, voluntarily surrendered it, and did not apply for leave to withdraw his proof, and have the mortgage restored to him, until, by an actual sale, its value had been ascertained to be much larger than his dividend of the general assets.

The act of congress [of 1841 (5 Stat. 440)] gives the court power to set aside and disallow any debt, on proof that it is founded in fraud or mistake. The proof in this case having been made for the full amount of the creditor's demand, without deducting the value of the security, as should have been done, and this appearing to be through mistake, the creditor has leave to withdraw the proof of his debt, and the rule is made absolute.